UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
JOHN DOE, on behalf of his minor child, SARAH DOE,

                Plaintiffs,

  - v -

THE WALDORF SCHOOL OF SARATOGA
SPRINGS, NICOLE VAN ZANDT, SARATOGA
SPRINGS CITY SCHOOL DISTRICT, DR. MICHAEL
PATTON, and DR. EMMANUEL CIRENZA,

                Defendants.
--------------------------------------------------------------------x

**COMPLAINT**

Civil Action No.: 1:25-CV-1441 (BKS/ML)

By and through his counsel, Davenport Law PLLC, the plaintiffs JOHN
DOE, on behalf of his minor child, SARAH DOE (collectively, "Plaintiffs"), alleges as
follows:

## PRELIMINARY STATEMENT

1.     This action seeks immediate judicial intervention to stop a private
school's relentless and unlawful campaign to deny a five-year-old child her right to an
education. For two consecutive years, the Waldorf School of Saratoga Springs ("the
School") and its administrators have engaged in a pattern of bad-faith conduct, deploying
a series of shifting, pretextual excuses, and procedural delays to exclude Sarah Doe from
her kindergarten class. Having already wrongfully deprived Sarah of the entire 2024-
2025 school year through deceptive promises and arbitrary rules, Defendants have once
again barred her from the classroom, this time by unlawfully overriding a valid medical
exemption from her treating physician. This persistent exclusion inflicts immediate and

irreparable harm on a young child at a critical stage of her educational, social, and emotional development.

2.      The current dispute arises from the School's rejection of a comprehensive, physician-certified medical exemption submitted on behalf of Sarah for the 2025-2026 school year. This occurred after the School had formally accepted her for enrollment, and her family, relying on direct assurances of a "fair review process" from the new administration, signed an enrollment contract and paid a non-refundable tuition deposit. The exemption, authored by Sarah's treating physician, Dr. James J. Murray, certifies that due to an "active, undiagnosed, multi-system condition" characterized by recurrent rashes, swelling, and respiratory symptoms, administering immunizations "may be detrimental to her health" at this time. Dr. Murray's rationale for a temporary 3– 6 month deferral—to avoid "diagnostic confusion" that could "obscure the cause of her symptoms"—is not conjecture; it is a clinical judgment that precisely tracks the national standard of care for a valid medical "precaution" as defined by the CDC's Advisory Committee on Immunization Practices (ACIP).

3.      Despite being put on formal legal notice of their non-discretionary duty under New York Public Health Law § 2164(8) to accept such an exemption, the School and its Interim Administrator, Defendant Nicole Van Zandt, summarily denied it just five days after receiving it. The denial letter offered no substantive analysis, stating only in a single, conclusory sentence that "there is no medical condition detailed in the letter that would qualify as a medical exemption under New York State law." Sworn affidavits later confirmed this decision was based entirely on the opinion of the School's non-treating medical director, Dr. Emmanuel Cirenza, who has never met, examined, or treated Sarah. Dr. Cirenza's admission that he rejected the exemption because, in his

remote view, "there is no sound medical basis to determine [Sarah] should not be immunized" is an explicit confession of the unlawful "second-guessing" of a treating physician's judgment that has been repeatedly condemned by federal courts.

4.    This denial is the latest chapter in a two-year history of evasion. In 2024, after illegally denying an exemption for a summer program, Defendants induced John Doe to forgo an appeal by having a teacher suggest the process had been flawed and would be "smoother" for the regular school year. Instead, the School slow-walked his application until after the year began and then denied admission based on a pretextual policy against "mid-year starts"—a policy not applied to other students. Having now exhausted a fruitless appeal to the New York State Commissioner of Education, Plaintiffs turn to this Court for relief. They seek a Temporary Restraining Order and Preliminary Injunction to finally allow Sarah to attend school, a declaration that her medical exemption is valid, and compensatory and punitive damages to hold Defendants accountable for their willful and malicious disregard for a child's rights.

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331 (federal question), as this action alleges violations of Plaintiffs' rights secured by federal statutes. Specifically, Plaintiffs' claims arise under Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181 et seq., which prohibits discrimination on the basis of disability in places of public accommodation, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, which prohibits discrimination on the basis of disability in programs and activities receiving federal financial assistance.

6.     This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. Plaintiffs' claims for relief under Article 78 of the New York Civil Practice Law and Rules and for breach of contract are so related to the federal claims that they form part of the same case or controversy, as they arise from the same common nucleus of operative facts, namely Defendants' wrongful denial of Sarah's medical exemption and subsequent exclusion from school.

7.     Venue is proper in the Northern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2). All Defendants reside and operate within this judicial district, and a substantial part of the events, omissions, and harms giving rise to Plaintiffs' claims occurred in this district. Specifically, the Defendant Waldorf School of Saratoga Springs is located at 62 York Avenue, Saratoga Springs, New York, and the Defendant Saratoga Springs City School District is located at 3 Blue Streak Boulevard, Saratoga Springs, New York. The unlawful denial of Sarah's medical exemption, the communications conveying that denial, and her resulting exclusion from school all took place within Saratoga County, which is located within the Northern District of New York.

## PARTIES

8.     Plaintiff JOHN DOE is an individual citizen of the United States and a resident of Saratoga Springs, New York. He is the father and legal guardian of the minor child, Sarah Doe, and brings this action on her behalf and on his own behalf.

9.     Plaintiff SARAH DOE is a five-year-old child, born on December 7, 2019, who resides with her father in Saratoga Springs, New York. She was formally accepted for enrollment in the kindergarten class at the Waldorf School of Saratoga Springs for the 2025–2026 academic year.

10.    Defendant THE WALDORF SCHOOL OF SARATOGA SPRINGS ("the School") is a private, not-for-profit educational institution located at 62 York Avenue, Saratoga Springs, New York. The School provides education to children and is a "place of public accommodation" within the meaning of Title III of the Americans with Disabilities Act. Upon information and belief, it is a recipient of federal financial assistance and is therefore subject to Section 504 of the Rehabilitation Act.

11.    Defendant NICOLE VAN ZANDT is the Interim Administrator of the School. In this role, she is responsible for the administration and supervision of the School, including the review and ultimate denial of Sarah's medical exemption. She authored and signed the September 2, 2025, letter formally denying Sarah's exemption. She is sued individually for her personal involvement in the unlawful conduct alleged herein and in her official capacity.

12.    Defendant SARATOGA SPRINGS CITY SCHOOL DISTRICT ("the District") is a public school district organized under the laws of the State of New York, with its principal offices located at 3 Blue Streak Boulevard, Saratoga Springs, New York. The District has jurisdiction over the School for purposes of ensuring compliance with state immunization laws.

13.    Defendant DR. MICHAEL PATTON is the Superintendent of the District. In this role, he is responsible for ensuring the District's and its constituent private schools' compliance with state health and education laws. He was the direct recipient of Plaintiffs' legal demand letter dated August 28, 2025, which put him on notice of the controlling law and the illegality of denying Sarah's exemption. He is sued individually for his failure to ensure the District's compliance with the law and in his official capacity.

14. Defendant DR. EMMANUEL CIRENZA is a physician board-certified in pediatrics who serves as the designated physician and medical director for the School. He personally reviewed and recommended the denial of Sarah's medical exemptions in both 2024 and 2025. In a sworn affidavit, Dr. Cirenza admitted to substituting his own medical judgment for that of Sarah's treating physician, stating "there is no sound medical basis to determine [Sarah] should not be immunized." He has never met, examined, or treated Sarah. He is sued individually for his role in the unlawful "second-guessing" of the medical exemption and in his official capacity as the School's designated physician.

## FACTUAL ALLEGATIONS

15. The following allegations detail a two-year pattern of arbitrary conduct, bad faith, and unlawful discrimination by Defendants, who have repeatedly and wrongfully barred a five-year-old child, Sarah Doe, from her education. Defendants' actions began with the illegal denial of a medical exemption in 2024, continued with a pretextual and deceptive denial for the 2024–2025 school year, and have culminated in the current, willful refusal to accept a legally sufficient medical exemption for the 2025–2026 school year—a refusal made in direct defiance of New York State law and controlling federal precedent of which they were explicitly put on notice. This persistent campaign of exclusion has been orchestrated through the unlawful "second-guessing" of Sarah's treating physician by the School's non-treating medical director and has inflicted profound and ongoing harm on a young child and her family.

A.    **Sarah's Medical Condition and the Physician-Certified Exemption**

16.    Plaintiff Sarah Doe, a five-year-old child, is under the regular medical care of her treating physician, Dr. James J. Murray, a physician duly licensed to practice medicine in the State of New York.

17.    Since at least July 2023, Sarah has suffered from an "active, undiagnosed, multi-system condition." This ongoing and unresolved medical issue is characterized by a constellation of recurring symptoms, including "recurrent rash, swelling, respiratory symptoms, headaches, and abdominal pain."

18.    In his professional medical judgment as Sarah's treating physician, Dr. Murray determined that administering immunizations to her at this time "may be detrimental to her health." Accordingly, on or about August 27, 2025, Dr. Murray executed a comprehensive New York State Medical Exemption form (DOH-5077) and a detailed supporting letter certifying a temporary medical exemption from all school-required immunizations.

19.    Dr. Murray's clinical rationale for this temporary exemption is to avoid "diagnostic confusion" while Sarah undergoes necessary specialist evaluation. In his supporting letter, Dr. Murray explained that vaccinating Sarah during this active diagnostic period could "obscure the cause of her symptoms, exacerbate an underlying condition, or provoke a serious adverse reaction." He noted that her symptoms require investigation by allergy and immunology specialists and that this process includes a series of "spread-out blood draws" to minimize patient distress.

20.    This clinical judgment is not conjecture; it aligns precisely with the nationally recognized standard of care published by the Centers for Disease Control and Prevention's (CDC) Advisory Committee on Immunization Practices (ACIP). The ACIP

defines a "precaution" as "a condition in a recipient that . . . might cause diagnostic confusion." The ACIP guidance further states that, in general, "vaccinations should be deferred when a precaution is present."

21.    The medical exemption certified by Dr. Murray is temporary. He specified that vaccination should be deferred until diagnostic testing and specialist consultations are complete, which he estimated would take 3-6 months, at which point he would reassess Sarah's condition.

**B.    The Defendants' Two-Year Pattern of Bad Faith and Unlawful Exclusions**

*i.    The Summer 2024 Unlawful Denial and Illegal "Second Guessing"*

22.    Defendants' campaign of unlawful exclusion began in the summer of 2024 after Plaintiff John Doe enrolled his daughter, Sarah, in the Waldorf School's summer program. In connection with this enrollment, Mr. Doe submitted a physician-certified medical exemption from Sarah's treating physician, Dr. Murray, related to a suspected allergic reaction she had experienced in 2023.

23.    Rather than accepting the facially valid certification as required by law, the School initiated a process of improper review, allowing its non-treating medical director, Defendant Dr. Emmanuel Cirenza, to illegally "second-guess" the clinical judgment of Sarah's own doctor. Dr. Cirenza, who has never met, examined, or treated Sarah, recommended the denial of the exemption in a July 2, 2024, email to the School, citing what he described as "numerous problems" with the request.

24.    Dr. Cirenza's critique was an explicit overreach of his statutory authority. He criticized the exemption because there was no "letter from an allergist confirming what would be an extremely rare allergy" and that he had not seen such an

allergy in his 25 years of practice. This demand for an allergist workup was made in direct contradiction to the recommendation of Sarah's treating physician, who had determined that such a consultation should be delayed pending further observation. Dr. Cirenza also improperly questioned the exemption based on a reference to thimerosal/mercury in vaccines—a component he noted was removed from pediatric vaccines over 20 years ago— and the fact that no specific vaccine was identified as causing the reaction.

25.    Based entirely on Dr. Cirenza's improper review, the School denied the exemption and excluded Sarah from the summer program. The denial was communicated to Mr. Doe via an unsigned email from the then-administrator, Jefferson Weidman. Shortly after this improper denial process, Mr. Weidman was fired from his position.

ii.    *The Fall 2024 Pretextual Denial and Deceptive Assurances*

26.    Following Mr. Weidman's termination, John Doe was contacted by a teacher at the School who advised him not to pursue an administrative appeal or an Article 78 proceeding regarding the summer camp denial. The teacher suggested that the prior process had been flawed due to the former administrator and implied that if Mr. Doe simply applied for the 2024–2025 regular school year, the matter would be handled more smoothly and fairly.

27.    Relying on these deceptive assurances, John Doe submitted a new application for Sarah's admission to the kindergarten class in mid-August 2024. Instead of the promised smooth process, the School engaged in dilatory tactics, deliberately slow-walking the application and delaying a required interview until after the school year had already begun.

9

28.    After finally conducting the interview, the School waited another month before responding. On November 6, 2024, rather than rendering a decision on the medical exemption, the School sent a letter denying admission entirely. The stated reason for the denial was a pretext: "we have decided that a mid-year enrollment would not support [Sarah] and the Rose Kindergarten class."

29.    This "mid-year start" policy was not a firm rule of the School and, upon information and belief, was not applied consistently to other students who were permitted to enroll after the academic year had commenced. It served as a pretextual basis to deny Sarah admission without having to lawfully address her medical exemption request.

30.    As a direct result of Defendants' deceptive representations and pretextual denial, Sarah Doe was wrongfully excluded from the Waldorf School for the entire 2024–2025 school year, causing her to miss a critical year of foundational education and social development.

**C.    The 2025 "Fair Review" Promise and Final Unlawful Denial**

31.    Despite the School's prior conduct, Plaintiffs decided to reapply for Sarah to attend kindergarten for the 2025–2026 school year. On March 19, 2025, the School sent a formal acceptance letter, and on March 24, 2025, Mr. Doe signed an enrollment contract and paid a non-refundable tuition deposit in reliance on this acceptance.

32.    During    subsequent    communications,    the    new    Interim Administrator, Defendant Nicole Van Zandt, and the school nurse, Laura Blunt,

acknowledged the mishandling of the 2024 submission and explicitly promised Mr. Doe a "fair review process" for the upcoming year.

33.     On August 28, 2025, Plaintiffs' counsel submitted a new, comprehensive medical exemption packet to the School and the District Superintendent, Defendant Dr. Michael Patton. The submission included a detailed letter from Dr. Murray, dated August 24, 2025, certifying on the official New York State form that, in his professional medical judgment, immunization "may be detrimental to [Sarah's] health" at this time. Dr. Murray's letter explained that vaccinating Sarah during the diagnostic period for her undiagnosed condition could "obscure the cause of her symptoms, exacerbate an underlying condition, or provoke a serious adverse reaction," a rationale that directly aligns with the ACIP's own definition of a valid "precaution" to avoid "diagnostic confusion."

34.     The packet also included a formal legal demand letter that explicitly put Defendants on notice of their non-discretionary duty under New York Public Health Law § 2164(8) and controlling federal court precedent, which prohibits the "second-guessing" of a treating physician's medical judgment.

35.     Just five days later, on September 2, 2025, Defendant Van Zandt, on behalf of the School, sent a letter formally denying the exemption. The letter was conclusory and provided no substantive medical analysis, stating only: "The reason for the denial is that there is no medical condition detailed in the letter that would qualify as a medical exemption under New York State law."

36.     This denial was based on the recommendation of the School's medical director, Defendant Dr. Cirenza, who later confirmed in a sworn affidavit that his decision was based on his personal disagreement with the treating physician's clinical

11

judgment. He brazenly admitted to the exact conduct prohibited by law, stating, "By making this determination, I am not substituting my medical decision for Dr. Murrays. Rather, there is no sound medical basis to determine [Sarah] should not be immunized."

### D.    Plaintiffs' Exhaustion of Administrative Remedies and Immediate, Irreparable Harm

37.    Having been formally denied entry to the School just days before the start of the academic year, Plaintiffs exhausted their available administrative remedies by filing a Verified Petition with the New York State Commissioner of Education on or about September 4, 2025. The Petition sought, among other things, an emergency stay order directing Defendants to permit Sarah to attend school pending a final determination of the appeal.

38.    On September 10, 2025, the Commissioner's Office, through its Appeals Coordinator, issued a letter formally advising that "no stay order will be issued." This denial of interim relief left Plaintiffs with no further administrative path to prevent the immediate and ongoing harm caused by Sarah's exclusion from school.

39.    The 2025–2026 school year began on or about September 4, 2025, and Defendants have barred and continue to bar Sarah from attending her kindergarten class. This is the second consecutive year that Defendants' unlawful actions have resulted in Sarah's exclusion from the School.

40.    As a direct result of this exclusion, her father has been forced to place her back into a preschool program that is not academically or developmentally appropriate for her. Sarah is reading at an advanced level and is the oldest student in a

class designed for younger children; the environment is not challenging or suitable for her intellectual growth.

41.    The harm to Sarah is not merely academic. Being unlawfully barred from the school she was accepted into and separated from her kindergarten peer group causes her significant and ongoing emotional distress and anxiety. She is acutely aware of her exclusion and the loss of connection with her peers.

42.    This daily deprivation of her foundational education, social development, and emotional well-being at a critical age constitutes severe, ongoing, and irreparable harm that cannot be undone or adequately compensated by monetary damages.

## FIRST CAUSE OF ACTION

### Discrimination in Violation of the Americans with Disabilities Act
### <u>Titles II and III – Against All Defendants</u>

43.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

### A.    Violation of Title III by Defendants The Waldorf School of Saratoga Springs, Nicole Van Zandt, and Dr. Emmanuel Cirenza

44.    Defendant The Waldorf School of Saratoga Springs is a private nursery, elementary, and secondary school and is therefore a "place of public accommodation" as defined by Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181(7)(J).

45.    Plaintiff Sarah Doe is a "qualified individual with a disability" under the ADA. She has an "active, undiagnosed, multi-system condition" which constitutes a

physical impairment that substantially limits one or more major life activities, including but not limited to the normal functioning of her immune and respiratory systems. Alternatively, Defendants regarded her as having such an impairment.

46.    Defendants The Waldorf School, Van Zandt, and Cirenza discriminated against Sarah on the basis of her disability by failing to make reasonable modifications to the School's policies, practices, or procedures when such modifications were necessary to afford her access to the School's goods, services, facilities, privileges, advantages, or accommodations.

47.    Accepting Sarah's temporary, physician-certified medical exemption is a reasonable modification. The exemption is based on the clinical judgment of her treating physician that vaccination may be detrimental to her health at this time and is directly aligned with the nationally recognized standard of care published by the ACIP, which recommends deferring vaccination to avoid "diagnostic confusion." This modification is necessary to allow Sarah, a child with a disability, to attend kindergarten alongside her non-disabled peers.

48.    Defendants' refusal to grant this reasonable modification, based on the unlawful "second-guessing" of Defendant Dr. Cirenza, constitutes discrimination in violation of Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(ii).

**B.    Violation of Title II by Defendants Saratoga Springs City School District and Dr. Michael Patton**

49.    Defendant Saratoga Springs City School District is a "public entity" as defined by Title II of the ADA, 42 U.S.C. § 12131(1).

50.     Plaintiff Sarah Doe is a "qualified individual with a disability" under Title II of the ADA.

51.     The District has jurisdiction over the School for purposes of ensuring compliance with state immunization laws. By and through its Superintendent, Defendant Dr. Patton, the District was put on direct notice via a legal demand letter dated August 28, 2025, that its subordinate private school was poised to unlawfully deny Sarah's medical exemption in violation of state and federal law.

52.     The District and Dr. Patton failed to take action to ensure the School complied with the law and instead permitted the discriminatory exclusion of Sarah Doe. By failing to fulfill their oversight responsibilities and thereby allowing the School to bar Sarah from its programs, the District and Dr. Patton have, by reason of her disability, excluded her from participation in or denied her the benefits of the services, programs, or activities of a public entity, and have subjected her to discrimination in violation of Title II of the ADA, 42 U.S.C. § 12132.

## SECOND CAUSE OF ACTION

### Discrimination in Violation of Section 504 of the Rehabilitation Act
### 29 U.S.C. § 794 – Against All Defendants

53.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

54.     Upon information and belief, Defendant The Waldorf School of Saratoga Springs and Defendant Saratoga Springs City School District are recipients of federal financial assistance, including but not limited to funds provided through the U.S.

Department of Education, and are therefore subject to Section 504 of the Rehabilitation Act of 1973.

55.    Plaintiff Sarah Doe is a "qualified individual with a disability" as defined by Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a). She has a physical impairment—an active, undiagnosed, multi-system condition—that substantially limits major life activities, and she is otherwise qualified to participate in and receive the benefits of the School's educational program.

56.    Defendants have excluded Sarah Doe from participation in, denied her the benefits of, and otherwise subjected her to discrimination under the School's educational program and activities solely by reason of her disability.

57.    Defendants' discrimination includes their failure and refusal to provide a reasonable accommodation for Sarah's disability. The requested accommodation—a temporary medical exemption from immunization requirements based on her treating physician's certification—is reasonable and necessary to afford her an equal opportunity to participate in the School's program.

58.    Defendants' actions, including the unlawful denial of this reasonable accommodation and her subsequent exclusion from school, constitute discrimination in violation of Section 504 of the Rehabilitation Act. As a direct and proximate result of this violation, Plaintiffs have suffered and continue to suffer significant damages.

**THIRD CAUSE OF ACTION**

**Article 78 Proceeding for Violation of New York Public Health Law
§ 2164(8) in the Nature of Mandamus to Compel – Against All Defendants**

59. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

60. This cause of action seeks judicial review of an administrative action pursuant to Article 78 of the New York Civil Practice Law and Rules, over which this Court has supplemental jurisdiction.

61. New York Public Health Law § 2164(8) states that school immunization requirements "shall be inapplicable" if "any physician licensed to practice medicine in this state certifies that such immunization may be detrimental to a child's health." This statutory language imposes a non-discretionary, ministerial duty on school officials to accept a facially valid certification from a licensed physician. The law does not grant school officials, or their designated medical directors, the authority to substitute their own judgment for, or to "second-guess," the clinical determination of a child's treating physician.

62. Defendants' denial of Sarah Doe's valid medical exemption was arbitrary, capricious, affected by a clear error of law, and an abuse of discretion. The decision was made without a sound basis in reason and in knowing disregard of the plain language of the controlling statute, which was explicitly provided to them in a legal demand letter dated August 28, 2025, prior to their denial.

63. The denial was predicated entirely on the unlawful "second-guessing" of a non-treating medical director, Defendant Dr. Cirenza, who improperly substituted his own remote opinion for that of Sarah's treating physician. Dr. Cirenza's

admission in a sworn affidavit that he denied the exemption because "there is no sound medical basis to determine [Sarah] should not be immunized" is a direct confession of this illegal overreach.

64.    By refusing to perform their clear legal duty as established by state law, Defendants have acted unlawfully. Therefore, Plaintiffs are entitled to an order in the nature of mandamus to compel, directing Defendants to perform the duty enjoined upon them by law: to immediately accept Sarah Doe's medical exemption and permit her to attend school.

## FOURTH CAUSE OF ACTION

### Breach of Contract under New York State Law – Against Defendant The Waldorf School of Saratoga Springs

65.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

66.    A valid and enforceable contract was formed between Plaintiff John Doe and Defendant The Waldorf School of Saratoga Springs ("the School") for the provision of educational services for the 2025–2026 academic year. The contract was formed when the School formally accepted Sarah Doe for enrollment on or about March 19, 2025, and in reliance, Mr. Murray signed an enrollment contract on March 24, 2025, and paid a non-refundable tuition deposit.

67.    A material term of this contract, implied by law and the covenant of good faith and fair dealing, is that the School will provide the agreed-upon educational services in compliance with all applicable state and federal laws, including the public health laws of the State of New York.

68.     The School materially breached this contract when it unlawfully excluded Sarah Doe from attending school in violation of New York Public Health Law § 2164. By wrongfully denying her valid medical exemption and barring her from the classroom, the School failed to provide the educational services for which the parties had bargained.

69.     The School further breached the covenant of good faith and fair dealing by inducing Mr. Murray to enter the contract with promises of a "fair review process" while having no intention of lawfully honoring a valid medical exemption, as evidenced by its immediate and conclusory denial and its prior pattern of bad-faith conduct.

70.     As a direct and proximate result of the School's breach, Plaintiffs have suffered damages, including but not limited to the forfeiture of the non-refundable tuition deposit, the loss of the benefit of the bargain for the 2025-2026 school year's educational services, and other consequential damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs JOHN DOE and SARAH DOE respectfully request that this Court enter judgment in their favor and against Defendants THE WALDORF SCHOOL OF SARATOGA SPRINGS, NICOLE VAN ZANDT, SARATOGA SPRINGS CITY SCHOOL DISTRICT, DR. MICHAEL PATTON, and DR. EMMANUEL CIRENZA, and grant the following relief:

A.      A Temporary Restraining Order and a Preliminary Injunction, pursuant to Fed. R. Civ. P. 65, directing Defendants, their officers, agents, employees, attorneys,

and all persons acting in concert with them, to immediately cease and desist from barring Sarah Doe from school and to immediately permit her to attend the Waldorf School of Saratoga Springs and participate in all school-related programs and activities, pending a final determination of this action;

B.    A Declaratory Judgment, pursuant to 28 U.S.C. § 2201, declaring that the medical exemption dated August 24, 2025, and submitted on behalf of Sarah Doe is valid under New York Public Health Law § 2164(8) and that Defendants' refusal to accept it is arbitrary, capricious, contrary to law, and a violation of Plaintiffs' rights under the ADA and the Rehabilitation Act;

C.    A Permanent Injunction prohibiting Defendants from excluding Sarah Doe from the Waldorf School of Saratoga Springs based on the currently valid medical exemption or any future valid medical exemption certified by her treating physician;

D.    An award of compensatory damages in an amount to be determined at trial to compensate Plaintiffs for the injuries they have suffered as a direct result of Defendants' unlawful conduct, including but not limited to damages for the loss of educational opportunities, emotional distress, pain and suffering, anxiety, and reputational harm, as well as financial losses including the forfeited tuition deposit and costs incurred for alternative, inappropriate schooling;

E.    An award of punitive damages against the individual Defendants for their willful, malicious, and reckless disregard for Plaintiffs' clearly established rights under state and federal law;

F.    An award of Plaintiffs' reasonable attorneys' fees, costs, and expenses incurred in this action, pursuant to the Americans with Disabilities Act, 42 U.S.C.

§ 12205; the Rehabilitation Act, 29 U.S.C. § 794a; 42 U.S.C. § 1988; and any

other applicable law; and

E.       Granting such other and further relief as the Court deems just and proper.


## **<u>JURY DEMAND</u>**

Pursuant to Fed. R. Civ. P. 38, Plaintiffs demand trial by jury for all issues

so triable.

Dated: October 15, 2025                          Respectfully submitted,

**Davenport Law PLLC**

*/s/ Chad A. Davenport*

Chad A. Davenport, Esq.
*Attorney for Plaintiff*
Davenport Law PLLC
6384 Deanna Drive
Hamburg, NY 14075
(716) 217-0328
cdavenport@davenport.law